DECISION AND JOURNAL ENTRY
Defendant-appellant David Epstein has appealed from his convictions and sentence by the Lorain County Common Pleas Court. This Court affirms.
 I.
Epstein was investigated for a pattern of alleged improper sexual conduct from the summer of 1996 to October 1998.
On October 18, 1998, Epstein was indicted by the Lorain County Grand Jury on a fourteen count indictment: one count of intimidation, in violation of R.C. 2921.04; two counts of attempted rape, in violation of R.C. 2907.01(A)(1)(b) and (A)(2)/2923.02(A); one count of importuning, in violation of R.C. 2907.07(A); three counts of compelling prostitution, in violation of R.C. 2907.21(A)(2); two counts of soliciting, in violation of R.C. 2907.24(A); one count of procuring, in violation of R.C.2907.23(B); one count of rape, in violation of R.C. 2907.02(A)(2); one count of kidnapping, in violation of R.C. 2905.01(A)(4); one count of attempted kidnapping, in violation of R.C. 2905.01(A)(4)/2923.02(A); one count of sexual imposition, in violation of R.C. 2907.06(A)(1); and one count of soliciting, in violation of R.C. 2907.24(A). After a trial to the court, Epstein was found guilty of one count of importuning, four counts of compelling prostitution, two counts of soliciting, one count of intimidation, and one count of procuring.
Epstein timely appeals, asserting four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
 The trial court erred, and to the prejudice of appellant, by finding appellant guilty of the offense of intimidation under R.C. 2921.04, in that:
 to prove the offense of intimidation requires evidence of a threat by the offender to the victim of an offense to prevent the victim from reporting the offense to police; and,
 here, the threat made by appellant related to an offense which had not been committed and the commission of which in the future would have required the voluntary participation of the person threatened.
In his first assignment of error, Epstein claims his conviction for intimidation is not supported by sufficient evidence. This Court disagrees.
The test for sufficiency of the evidence calls upon a reviewing court to view the evidence in a light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of a crime proved beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Epstein was convicted of intimidation pursuant to R.C. 2921.04(B), which provides:
 No person * * * by unlawful threat of harm to any person * * * shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness.[1]
In the instant case, Epstein was interacting with Betty Gibson in an attempt to pay her so that he could engage in sexual conduct with her minor daughter.[2] Asking for sex from a twelve-year-old child represents the crime of importuning, a crime to which Gibson was now a witness. See R.C. 2907.07. Epstein then told Gibson that if she disclosed his overture that she would be killed. At trial, Epstein admitted it was his intent to make Gibson believe that she would be killed if she discussed his overture.
Viewing the evidence in a light most favorable to the prosecution, there was ample evidence of intimidation. Accordingly, Epstein's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 The trial court erred, and to the prejudice of appellant, by entering judgments of conviction and sentence upon guilty verdicts for allied offenses of similar import.
In his second assignment of error, Epstein argues that the trial court erred when it sentenced him separately on the offenses of importuning and compelling prostitution. This Court disagrees.
The convictions in question resulted from counts three and four of the indictment. Count three, importuning, is governed by R.C. 2907.07(A), which provides: "No person shall solicit a person under thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of such person." This count related to the solicitation of a twelve-year-old girl, hereinafter denoted as "child 1" in order to protect her identity. The indictment lists the importuning as having occurred on October 27 or 28, 1998. Count four, compelling prostitution, was governed by R.C. 2907.21(A)(2), (3), which proscribes the inducement of a minor to engage in sexual activity for hire or prohibits the paying or agreement to pay a minor or their agent so that the minor will engage in sexual activity. Count four also applied to child 1 over October 27 or 28, 1998.
"If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." State v. Blankenship (1988),38 Ohio St.3d 116, 117, citing State v. Mughni (1987), 33 Ohio St.3d 65,67. Here, on two separate instances over two separate days, October 27 and 28, 1998, Epstein propositioned child one to submit to sexual contact for money, and then repeated this proposition to her mother. Accordingly, Epstein's convictions for count three and four were for separately committed crimes.
Epstein repeats his claim for count twelve (compelling prostitution) and count fourteen (soliciting). Epstein's conviction for soliciting came pursuant to R.C. 2907.24(A), which provides: "No person shall solicit another to engage with such other person in sexual activity for hire." Counts twelve and fourteen occurred against child 2 (then an employee of Epstein's furniture store) over the course of October 1, 1996, to May 30, 1998. At trial child 2 testified to several different instances where Epstein propositioned child 2. Epstein himself testified that he engaged in sexual conduct with child 2 for money on several occasions. Based on the foregoing record, there was a sufficient basis for the trial court to conclude that Epstein committed the crimes of solicitation and compelling prostitution against child 2 on separate occasions.
Epstein's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR The offense of compelling prostitution, R.C. 2907.21(A)(3) is not a lesser included offense of the offense of rape under R.C. 2907.02(A)(1)(b), and the trial court committed prejudicial error by returning a verdict of not guilty of the offense of rape, but a verdict of guilty of compelling prostitution as a lesser included offense.
In his third assignment of error, Epstein claims that the trial court erred when it found him guilty of compelling prostitution as a lesser included offense of rape.
As a threshold matter, this Court notes that Epstein failed to object to the trial court when it found him guilty of compelling prostitution as a lesser included offense of rape. It is axiomatic that a failure to raise an error to a trial court's attention constitutes a waiver of error on appeal. State v. Williams (1977), 51 Ohio St.2d 112, at paragraph one of the syllabus. Accordingly, since Epstein failed to object to the claimed error below, the matter is deemed waived.
This Court proceeds to evaluate Epstein's claim under the doctrine of plain error. A plain error is an error or defect that affects substantial rights and "may be noticed although [it was] not brought to the attention of the court." Crim.R. 52(B). An error does not constitute plain error unless, but for the error, the result of the trial would have been different. State v. Campbell (1994), 69 Ohio St.3d 38, 49, certiorari denied (1994), 513 U.S. 913, citing State v. Long (1978), 53 Ohio St.2d 91.
Here, the trial court found Epstein guilty of compelling prostitution as a lesser included offense of rape. Epstein's sentence for this offense ran concurrent with his sentence for his other convictions. Under the circumstances of this case, there is no plain error where the sentences run concurrently. See, e.g., State v. Martin (Feb. 9, 1999), Summit App. No. 18715, unreported (holding that where offenses may have been allied offenses of similar import, plain error not found because defendant received concurrent sentences.); State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported (finding no plain error when the sentences run concurrently though arguably allied offenses of similar import). But, see, Martin, supra, (Carr, J., concurring in part, and dissenting in part). Epstein can demonstrate no actual prejudice considering he received concurrent sentences. Accordingly, Epstein's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 Pursuant to R.C. 2929.14, multiple prison terms may be imposed on an offender only if the court makes the requisite findings set forth in subsection (E)(3) of the statute, and the trial court committed prejudicial error by sentencing appellant to serve consecutive terms of imprisonment without making the required findings.
In his fourth assignment of error, Epstein claims that the trial court failed to make the requisite findings when he was sentenced to consecutive terms of imprisonment. This Court disagrees.
The imposition of consecutive sentences is governed by R.C.2929.14(E)(4), which provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
During sentencing, the trial court made the following pronouncement before ordering all concurrent sentences to run consecutive with his sentence of three years for compelling prostitution:
 The court has considered the record, the oral statements, as well as the principles and purposes of sentencing under the code, and has balanced the seriousness and the recidivism factors that I'm required to take into consideration. * * * So it's going to be the judgment and sentence of this court that you are not amenable to community control and that prison is consistent with the purposes of the code. And the court finds that pursuant to the code that the shortest prison term possible would demean the seriousness of the offense and will not adequately protect the public, and therefore, imposes a greater term.
Upon review, this Court concludes that the trial court's findings closely restate the requisite findings mandated by R.C. 2929.14(E)(4)(b) and (c). The trial court does not merely allude to the requisite factors, but functionally restates them. Accordingly, this Court finds that the trial court met its statutory obligation under R.C. 2929.14(E)(4). See,e.g., State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported ("[T]his court concludes that [State v. Edmonson (1999), 86 Ohio St.3d 324] requires a trial court to use some language that is close, if not identical, to the statutory criteria when articulating its findings.").
Epstein's fourth assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT, BATCHELDER, P. J., CONCURS.
[1] In his brief, Epstein claims that the charge of intimidation under R.C. 2921.04(B) only applies to victims and not witnesses. This statement is wrong as a matter of law. See R.C. 2921.04(B). Epstein selectively sets forth the statute for intimidation without the portion conveying protection to a witness in addition to a victim. See Id. The intimidation statute plainly protects a witness as well as a victim or an attorney in the case. Id. Considering the way Epstein selectively set forth the statute at issue here, the argument is, at best, deceptive and evinces a careless disregard for plain statutory language.
[2] Epstein initially told Ms. Gibson that he was seeking to pay money for her twelve year old daughter to engage in sexual conduct with "powerful men." Epstein though, muddled his thinly veiled ruse by later saying "I don't think I can touch that girl. I don't think I can, okay." Clearly, Epstein was himself the interested party despite his allusions to mythical straw men.